UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:20-cv-80006-ROSENBERG/REINHART

GARY HENDERSHOTT,

    Plaintiff,

v.

JOEL OSTUW,

    Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on Defendant Joel Ostuw's Motion for Judgment on the Pleadings and Motion for Summary Judgment. DE 21; DE 22. The Court has carefully considered both Motions, Plaintiff's Response thereto, Defendant's Replies, and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Motion for Judgment on the Pleadings is granted in part and denied in part without prejudice. The Motion for Summary Judgment is denied without prejudice.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Gary Hendershott ("Hendershott") is an art, historic artifacts, and antiquities dealer who, for a time, assisted Defendant Joel Ostuw ("Ostuw") in selling various items. DE 6, ¶¶ 11, 12. That relationship has led to two lawsuits before this Court.

In the first lawsuit, *Hendershott v. Ostuw*, 9:18-cv-80104 (S.D. Fla.), Hendershott alleged that Ostuw had wrongfully terminated a consignment agreement for the sale of Ostuw's collection of Civil War era swords and then had reported to law enforcement that Hendershott had stolen the

swords. Case No. 80104, DE 45, ¶¶ 8-10. Hendershott raised claims of breach of contract, detrimental reliance, fraudulent misrepresentation, and defamation. Ostuw moved to dismiss the claims, and the parties attended mediation and settled the case before the Court ruled on the motion.

The parties' Settlement Agreement, executed on September 18, 2018, provided for the mutual release of all claims that were asserted or that could have been asserted based on occurrences up to the date of the Settlement Agreement. DE 11-1, ¶ 5. The parties agreed to dismiss both the case pending before this Court and another lawsuit between them that was pending in Georgia. *Id.* ¶ 3. Neither party received a settlement payment. *Id.* ¶ 2. The Settlement Agreement provided, "Within 3 business days Hendershott shall remove all references to Ostuw, Echota or their property from any website of his, and shall not subsequently place new information referring to Ostuw, Echota or their property on any website."[1] *Id.* ¶ 4. The Settlement Agreement is governed by Florida law. *Id.* ¶ 8.

Hendershott filed the instant lawsuit against Ostuw in January 2020. In the Amended Complaint, he alleges, "Immediately after entering into the Mediated Settlement, Defendant Ostuw breached the Mediated Settlement Agreement by reporting to the police in Georgia that items covered by the Mediated Settlement Agreement were stolen from him by Hendershott." DE 6, ¶ 19. Hendershott alleges that he has been criminally charged in Georgia because of Ostuw's police report. *Id.* ¶¶ 16, 17, 20. He raises a breach-of-contract claim for breach of the mutual release provision of the Settlement Agreement and a tortious-interference-with-business-relations claim for the damage that the police report has done to his business relations "with other collectors in the community." *See* DE 6.

---

[1] "Echota" refers to Echota Fabrics, Inc., a corporation associated with Ostuw that manufactures fabric products.

2

Ostuw filed counterclaims for breach of the Settlement Agreement and defamation. *See* DE 11. He alleges that Hendershott has repeatedly breached the provision of the Settlement Agreement requiring the removal of references to Ostuw from Hendershott's website and "has published numerous false and defamatory statements about Ostuw on his website and on other websites." *Id.* ¶¶ 13-17, 32.

Ostuw now moves for judgment on the pleadings on both of Hendershott's claims and for summary judgment on the breach-of-contract counterclaim. DE 21; DE 22.

## II. JUDGMENT ON THE PLEADINGS STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The defense of failure to state a claim upon which relief can be granted may be raised in a motion for judgment on the pleadings. Fed. R. Civ. P. 12(h)(2). Judgment on the pleadings is appropriate when no issues of material fact exist, and the movant is entitled to judgment as a matter of law. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). A court accepts the facts in the complaint as true and views them in the light most favorable to the nonmoving party. *Id.*

A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). A Rule 12(b)(6) motion to dismiss should be granted only when the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The

3

pleading must contain more than labels, conclusions, a formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement.  *Id.*

### III.   ANALYSIS

Hendershott alleges in Count I that Ostuw breached the mutual release provision of the Settlement Agreement by reporting to the police that he had stolen certain items, when all claims between the parties as to those items had been released.  DE 6 at 3.  A release may be raised as an affirmative defense to a breach-of-contract claim.  *See Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1986 n.9 (explaining that, "[i]n civil litigation, a release is an affirmative defense to a plaintiff's claim for relief"); *CJM Fin., Inc. v. Castillo Grand, LLC*, 40 So. 3d 863, 864 (Fla. 4th Dist. Ct. App. 2010) (referring to a release as an affirmative defense that may bar a breach-of-contract claim); *Pontier v. Wolfson*, 637 So. 2d 39, 40 (Fla. 2d Dist. Ct. App. 1994) ("The defense of release is an affirmative defense which must be pled in the answer."); *see also* Fed. R. Civ. P. 8(c)(1) (requiring the affirmative defense of release to be raised in an answer).  Here, however, Ostuw has not asserted a claim against Hendershott as to any of the items allegedly stolen, and Hendershott is not raising the release as an affirmative defense.

The release provision itself cannot support Hendershott's breach-of-contract claim.  That provision released claims that the parties had or may have had that were based on occurrences up to the date of the Settlement Agreement.  Hendershott's allegations relate to actions by Ostuw occurring after the Settlement Agreement was executed.  Therefore, Ostuw's Motion for Judgment on the Pleadings is granted insofar as he is entitled to judgment as a matter of law on Count I of the Amended Complaint.

Hendershott alleges in Count II that Ostuw interfered with his business relations "with other collectors in the community" by making the report to police. DE 6 at 4-5. Ostuw contends that this "broad and unspecific allegation of interference" is insufficient to support a tortious-interference claim. DE 21 at 3. The Court agrees. The Amended Complaint does not specify the individuals with whom there has been interference, the nature of the business relationships between Hendershott and those individuals, whether any particular relationship was ongoing when Ostuw made his police report, whether Ostuw was aware of any particular relationship when he made his police report, or how Ostuw's alleged interference with any particular relationship has caused Hendershott damage. The Amended Complaint does not include sufficient factual allegations to plead a plausible tortious-interference claim.

The Court concludes that it is appropriate to give Hendershott one final opportunity to plead a plausible claim. Thus, Count II of the Amended Complaint is dismissed without prejudice and with leave to amend. In light of this opportunity to amend, Ostuw's Motion for Judgment on Count II is denied without prejudice.

The Court acknowledges that it previously struck Hendershott's proposed Second Amended Complaint as filed in violation of the Federal Rules of Civil Procedure and as untimely. The Court had not, at that time, had the opportunity to evaluate the merits of Hendershott's claims. Because a party generally should be given at least one chance to amend to state a claim for relief, Hendershott is granted one further opportunity to amend his Complaint. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Hendershott shall include all of his claims and all of his allegations supporting those claims in a Second Amended Complaint and should not anticipate being granted further leave to amend.

Ostuw applied Florida tortious-interference law in moving for judgment on Count II. *See* DE 21 at 3.  He did not brief the issue of whether Florida is the appropriate law choice, and, in the prior lawsuit between the parties, he took the position that Georgia law governed the tort claims.  *See* Case No. 80104, DE 46 at 3-5.  The dearth of factual allegations supporting the tortious-interference claim makes a choice-of-law analysis difficult, if not impossible.  The lack of clarity on this issue provides an additional basis for the denial of Ostuw's Motion for Judgment on Count II.  When pleading their claims in the future, the parties shall include sufficient factual allegations to enable the Court to determine which state's law applies.  The parties shall fully brief any applicable choice-of-law issues in future motions.

Given the Court's grant of an opportunity for Hendershott to further amend the Complaint, the pleading stage of this case has not closed.  This case may necessitate an Amended Answer and Counterclaim and an Amended Answer to the Counterclaim.  The Court therefore exercises its discretion to manage this case and declines to entertain Ostuw's Motion for Summary Judgment on his breach-of-contract counterclaim at this time.  That Motion is denied without prejudice.  The parties may file summary judgment motions at such time as the pleadings have closed, but not later than the dispositive motions deadline, which currently is August 7, 2020.  In addition, because the pleadings are being reopened at this late stage of the litigation, the parties should anticipate that future filing deadlines may be expedited.

Finally, the Court is aware that the copy of the Settlement Agreement that Hendershott attached to the Amended Complaint omits the paragraph numbered as paragraph 4.  *See* DE 6-1 at 1.  Ostuw contends in his Answer that Hendershott deleted or redacted paragraph 4, and he states that he will seek sanctions against Hendershott for submitting a false version of the Settlement

Agreement and committing fraud on the Court.  *See* DE 11.  Although the Court does not rule on this issue at this stage of the proceeding, the Court takes this matter seriously and will call upon Hendershott to address it at an appropriate point in the litigation.  In considering the instant Motions, the Court has relied upon the copy of the Settlement Agreement attached to Ostuw's Answer, which does contain paragraph 4 and which neither party has challenged as a true and accurate copy of the Settlement Agreement.

## IV.   CONCLUSION

For the foregoing reasons, Ostuw's Motion for Judgment on the Pleadings [DE 21] is **GRANTED IN PART AND DENIED IN PART**.  Ostuw's Motion for Judgment on Count I of the Amended Complaint [DE 6] is **GRANTED**.  Ostuw's Motion for Judgment on Count II of the Amended Complaint is **DENIED WITHOUT PREJUDICE**.

Ostuw's Motion for Summary Judgment [DE 22] is **DENIED WITHOUT PREJUDICE**.

Hendershott shall file a Second Amended Complaint by no later than **June 11, 2020**.  Ostuw shall file a response to the Second Amended Complaint within **5 business days** of the date of filing of the Second Amended Complaint.  The parties' future pleadings and motions shall comply with all requirements of this Order.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 4th day of June, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
*Pro Se* Plaintiff
Counsel of Record