UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-80006-ROSENBERG/REINHART

GARY HENDERSHOTT,

        Plaintiff,

vs.

JOEL OSTUW,

        Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANTS'
MOTION FOR APPELLATE ATTORNEYS' FEES (ECF NO. 261, 262)**

Currently pending is a Motion for Appellate Attorneys' Fees filed by Defendants Joel Ostuw and Echota Fabrics, Inc. (Echota), which was transferred to this Court by the Eleventh Circuit Court of Appeals (ECF Nos. 261, 262), and then referred to me by the Honorable Robin L. Rosenberg for appropriate disposition. ECF No. 263. Plaintiff has not filed a response to the motion and the time for doing so has expired. For the reasons contained herein, I **RECOMMEND** that Defendants' Motion be **GRANTED IN PART** and **DENIED IN PART**.

**BACKGROUND**

This lawsuit stems from a settlement agreement intended to resolve the parties' underlying dispute over the sale of Civil War memorabilia. Plaintiff Hendershott initiated this action alleging that Defendants Ostuw and Echota violated the settlement agreement and Mr. Ostuw filed a counterclaim alleging that Hendershott breached the agreement. Judge Rosenberg granted Mr. Ostuw's motion

1

for judgment on the pleadings, as well as Echota's motion to dismiss the Third Amended Complaint (ECF No. 125), and subsequently entered Final Judgment in Defendant Ostuw's favor on his counterclaim, finding that Plaintiff Hendershott breached the parties' Settlement Agreement. ECF No. 181.

The underlying settlement agreement, which Judge Rosenberg found Mr. Hendershott breached, contained an attorneys' fees provision, which states: "If any legal action is commenced to interpret, enforce or recover damages for the breach of any term of this Agreement, and/or to defend a charge, claim, lawsuit or any other type of action which has been released herein, the prevailing Party shall be entitled to recover the reasonable attorneys fees and costs incurred in connection with that action." ECF No. 261 at 15.

Mr. Hendershott appealed Judge Rosenberg's decisions. ECF Nos. 131, 185. The Eleventh Circuit consolidated the appeals, and in an opinion dated July 22, 2022, affirmed Judge Rosenberg's decisions. ECF No. 260. With the instant motion, Defendants seek to recover $41,871.50 in attorneys' fees incurred defending against Mr. Hendershott's appeals.

**DISCUSSION**

1. <u>Entitlement to Attorneys' Fees</u>

Generally speaking, in American litigation each party in a lawsuit bears its own attorney's fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, there are statutory and

contractual exceptions. Under Florida law, attorney's fees may be awarded to the prevailing party pursuant to a contractual agreement authorizing their recovery. *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004). The relevant Florida statute provides that a statutory or contractual provision for an award of attorney's fees to the prevailing party shall be construed to include attorney's fees incurred by the prevailing party on appeal. *Gregoire v. Citizens Prop. Ins. Corp.*, 327 So. 3d 851, 852 (Fla. Dist. Ct. App. 2021) (citing Fla. Stat. § 59.46). The Court does not have discretion to decline to enforce a contractual provision awarding attorney's fees. *Brickell Bay Club Condo. Ass'n, Inc. v. Forte*, 397 So.2d 959, 960 (Fla. Dist. Ct. App. 1981).

Here, the parties' settlement agreement provided for the prevailing party to recover his reasonable attorneys' fees if he was compelled to enforce the agreement and/or defend against a meritless claim for breach. Given that the Eleventh Circuit has affirmed Judge Rosenberg's decisions in favor of Defendants, they are entitled to have Mr. Hendershott reimburse them for the reasonable attorneys' fees they incurred in connection with those appeals.

2. Calculation of Attorneys' Fees

Attorneys' fees are properly calculated by multiplying the number of hours reasonably spent on litigation by a reasonable hourly rate. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills,

experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427.

In determining the reasonableness of the rates sought, courts consider prior hourly rates awarded to other attorneys of similar experience in the community and also the court's own knowledge of the rates charged by local practitioners. *See McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96–97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."); *see also Norman*, 836 F.2d at 1303 ("The court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ."). Ultimately, courts should assess "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 184, 190 (2d Cir. 2008) (The court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively.").

In submitting a request for attorneys' fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise

4

billing judgment for them. *See Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301 (emphasis in original)).

"Failing to lodge specific objections is generally deemed fatal" for a party opposing a motion for attorneys' fees. *Auto-Owners Ins. Co. v. Am. Yachts, Ltd.*, No. 06-80073, 2008 WL 11412068 (S.D. Fla. Feb. 6, 2008) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997)), *report and recommendation adopted*, 2008 WL 11412069 (Feb. 26, 2008). However, courts still have a duty to conduct an independent analysis to ensure that the attorneys' fees sought are reasonable. *See Barnes*, 168 F.3d at 428 ("[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

### a. Reasonableness of Counsel's Hourly Rates

Defendants' motion seeks hourly billing rates of $475 and $490 for Attorney Mark Levy, $325 and $350 for Attorney Benjamin Sunshine, and $235 and $275 for Attorney Kyle Morgan.

Mr. Levy has been a commercial litigator for over 25 years and is a partner at the law firm of Brinkley Morgan. Mr. Sunshine, an associate at Brinkley Morgan, has been practicing law for eight years, and Mr. Morgan is a fifth-year associate at the firm. *See* Levy Affidavit ¶¶ 8-10. Consistent with my previous ruling, I find these hourly rates to be reasonable for the local community in light of each attorney's experience and skill level. *See Hendershott v. Ostuw*, No. 20-CV-80006, 2021 WL 4049305, at *3 (S.D. Fla. Aug. 31, 2021).

b. <u>Reasonableness of the Time Spent</u>

Defendants' motion seeks reimbursement for 99.5 hours counsel spent defending against Mr. Hendershott's appeals. I have reviewed the time records submitted by defense counsel in support of these fees. Similar to my prior ruling on attorneys' fees in this case, I find that a client could reasonably expect to pay for the time of one partner and one associate in handling this matter. Given the relatively minimal contribution of Mr. Morgan in defending against these appeals (7 hours), I find that his time should be deducted from the fee award. *Id.* (deducting Mr. Morgan's time because the involvement of three attorneys amounted to overstaffing and his involvement was minor compared to that of Mr. Levy and Mr. Sunshine).

With regard to the hours billed by Mr. Levy and Mr. Sunshine, I note that they were confronted with a variety of legal issues in the two appellate briefs Mr. Hendershott filed. Conducting the legal research on these issues and preparing two responsive briefs was, necessarily, a time-consuming venture. Moreover, defense counsel were compelled to respond to the various *pro se* motions Mr. Hendershott filed in the Eleventh Circuit. Under these circumstances, I find that the time Mr. Levy and Mr. Sunshine spent in successfully defending against these appeals was justified and reasonable.

## RECOMMENDATION

Accordingly, I **RECOMMEND** that Defendants' Motion for Appellate Attorneys' Fees be **GRANTED IN PART AND DENIED IN PART** (ECF Nos. 261, 262) in that Plaintiff be required to reimburse Defendants in the amount of $40,226.50.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 2nd day of March, 2023.

BRUCE E. REINHART
U.S. MAGISTRATE JUDGE